UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

STEVEN F. HAND,                                    Case No. 07-15145

            Plaintiff-Appellant,             DISTRICT JUDGE
                                              ARTHUR J. TARNOW
v.

                                              MAGISTRATE JUDGE
COMMISSIONER OF SOCIAL                        MICHAEL HLUCHANIUK
SECURITY,

            Defendant-Appellee.
_____/

### ORDER ADOPTING THE MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION [13], DENYING PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT [9], AND GRANTING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT [10]

On December 4, 2007, Plaintiff filed suit seeking judicial review of the Commissioner's decision disallowing his claim for Social Security benefits. Pursuant to Local Rule 72.1(b)(3), "all cases seeking review of a denial of social security benefits [are] assigned both to a district judge and a magistrate judge."

On January 22, 2009, the Magistrate Judge issued a Report and Recommendation [13] recommending that the Court grant Defendant's Motion for Summary Judgment [10], and deny Plaintiff's Motion for Summary Judgment [9]. On January 26, Plaintiff timely filed an Objection [14] to the Report and Recommendation. On February 9, Defendant filed a Response [15]. Those filings are now before the Court.

## I. STANDARD OF REVIEW

Judicial review of facts found by the Administrative Law Judge ("ALJ") is limited to an evaluation of whether those findings are supported by substantial evidence and whether the proper legal standards were applied. *See Key v. Callahan*, 109 F.3d 270, 273 (6th Cir. 1997). The Court must examine the administrative record as a whole. *See Cutlip v. Sec'y of Health & Human Servs.*,

1

25 F.3d 284, 286 (6th Cir. 1994).  However, the Court does not review the evidence *de novo*, make credibility determinations, or weigh the evidence.  *See Brainard v. Sec'y of Health & Human Servs.*, 889 F.2d 679, 681 (6th Cir. 1989).  The Court must affirm an ALJ's decision if the findings and inferences reasonably drawn from the record are supported by substantial evidence, even if the record could support a different conclusion.  *See Buxton v. Halter*, 246 F.3d 762, 772 (6th Cir. 2001).

Under 28 U.S.C. § 636(b)(1), a magistrate judge's orders shall not be disturbed unless "found to be clearly erroneous or contrary to law."  *Curtis*, 237 F.3d at 603. The "clearly erroneous" standard mandates Court affirm the Magistrate's decision unless, after reviewing the entirety of the evidence, it "is left with the definite and firm conviction that a mistake has been committed." *Sandles v. U.S. Marshal's Service*, 2007 WL 4374077, 1 (E.D. Mich. 2007) (citing *United States v. United States Gypsum Co.*, 333 U.S. 364, 395, 68 S.Ct. 525, 92 L.Ed. 746 (1948)).  The test is:

> not whether the finding is the best or only conclusion that can be drawn from the evidence, or whether it is the one which the reviewing court would draw.  Rather the test is whether there is evidence in the record to support the lower court's finding, and whether its construction of that evidence is a reasonable one.

*Heights Community Congress v. Hilltop Realty, Inc.*, 774 F.2d 135, 140 (6th Cir.1985).

This Court reviews *de novo* any objections to a Magistrate's Report and Recommendation. *See* 28 U.S.C. § 636(b)(1).  Plaintiff has filed an Objection, and his assignments of error are considered below.

## II.  PLAINTIFF'S OBJECTIONS

### I. *Consideration of Doctor Liu's Assessment*

Plaintiff appears to fault the Report and Recommendation for "stat[ing] that Dr. Liu's limitations only went to ability to follow instructions or the ability to undertake simple non-complex tasks."

On the contrary, it is clear that the Report and Recommendation took into account the entirety of Dr. Liu's report.  The Report and Recommendation cites information from each page of Dr. Liu's Mental Residual Functional Capacity Assessment.  *See* Report and Recommendation at 22-23; Tr. at 174-176.

The Magistrate correctly concluded that the ALJ's findings regarding Dr. Liu's assessment were supported by substantial evidence. *See Key*, 109 F.3d at 273 (6th Cir. 1997).

II. *Sufficiency of the Hypothetical Presented by the ALJ*

Plaintiff further "asserts error in the [Report and Recommendation's] proposed findings that Dr. Liu's limitations were accurately presented in the hypothetical" posed by the ALJ to the vocational expert who testified at Plaintiff's hearing. Complaining that the hypothetical "only addresse[d] limitations on the person's ability to make simple decisions, jobs without production quota and jobs that do not involve calculations or problem solving," Plaintiff notes that both Dr. Liu and Dr. McCulloch recorded additional observations in the course of their respective assessments of Plaintiff's psychiatric health. Specifically, Plaintiff directs the Court to the "consultant's notes" page of Dr. Liu's report, which includes a notation that Plaintiff suffered from "adjustment disorder with depression." *See* Tr. at 182, 191. Plaintiff further directs the Court to a "Psychiatric/Psychological Medical Report," part of a Consultative Examination in which Dr. McCulloch assigned a "GAF" score of 60 and diagnosed Plaintiff with "adjustment reaction with depression."[1] *See* Tr. at 172. In posing a hypothetical to the vocational expert, the ALJ did not incorporate the foregoing terminology verbatim.

In the Report and Recommendation, the Magistrate examined Sixth Circuit case law upholding a disability determination in which an ALJ "translated [the plaintiff]'s condition into . . . . concrete restrictions . . . and duly incorporated them into his hypothetical to the vocational expert." *See Smith v. Halter*, 307 F.3d 377, 379 (6th Cir. 2001). The Magistrate also considered *Bohn-Morton v. Commissioner of Social Security*, in which the district court noted that:

> [an] ALJ's findings, including those summarized on a [psychiatric evaluation], must be harmonized and incorporated into the hypothetical questioning of the [vocational expert]. Yet, a particular assessment on a [psychiatric evaluation] does not mandate a rigid checklist of restrictions that must be included in this questioning. Rather, a case-by-case determination is required, under which the ALJ must translate the broad [psychiatric evaluation] classifications into a set of specific limitations that are properly rooted in the administrative record.

389 F.Supp.2d 804, 807 (E.D. Mich. 2005). The *Bohn-Morton* court cited the "longstanding

---

[1] Neither doctor's "depression" notation included any further explanation of the diagnosis.

principle . . . that an ALJ's hypothetical questioning must 'accurately set[ ] forth the plaintiff's physical and mental impairments.'" *Id.* at 807 (internal citations omitted).

Here, the Magistrate specifically noted that the ALJ's hypothetical took into account not only Plaintiff's physical limitations, but his mental limitations, as well. *See* Report and Recommendation at 25.  The ALJ's hypothetical did not repeat the diagnostic language of "depression," but upon review, the Magistrate found that  "Plaintiff's mental limitations that might have *resulted from his depression* were reflected in the [hypothetical] limitations including simple unskilled work, no concentration or multiple tasks, no counting, calculating, problem solving or reasoning, no initiative or independent decision making and no production quotas." (Emphasis added.)

The Court affirms the Magistrate's finding that Plaintiff's psychological deficiencies were adequately incorporated into the ALJ's hypothetical.

### III.  *The Vocational Expert's Testimony Regarding Rest Periods*

Finally, Plaintiff objects that "ignoring the vocational expert's testimony regarding [Plaintiff's] need to lay down for significant rest periods would be error according to *Caviness v. Apfel*."  *See* 4 F.Supp.2d 813 (S.D. Ind. 1998).

It is unclear in what sense Plaintiff suggests *Caviness* should inform this Court's review. In *Caviness*, an Indiana district court faulted an ALJ's "decision to discredit [a plaintiff's] subjective complaints" when that decision was "based on several omissions and mischaracterizations of significant and material evidence."

Here, Plaintiff fails to direct the Court to any "subjective complaints" regarding Plaintiff's need to lay down for rest periods, and Plaintiff's Objection stops far short of alleging "omissions" or "mischaracterizations of significant and material evidence" on the part of the ALJ.  In fact, it appears from the record that the only discussion of "rest periods" was injected during the extremely brief cross-examination of the vocational expert, and was unrelated to any of Plaintiff's medical records or physical capacity assessments.

The Court denies Plaintiff's objection regarding the ALJ's failure to adopt the vocational expert's "testimony" about rest periods for the reason that the objection appears to be inadequately rooted in the administrative record.

### III.  CONCLUSION

The Court has reviewed the administrative record and the parties' pleadings in this case, and being fully advised in the premises,

**IT IS ORDERED** that the Report and Recommendation [13] of the Magistrate Judge is hereby **ADOPTED** and is entered as the findings and conclusions of the Court.  Accordingly,

**IT IS ORDERED** that Plaintiff's Motion for Summary Judgment [9] is **DENIED.**

**IT IS FURTHER ORDERED** that Defendant's Motion for Summary Judgment [10] is **GRANTED**, and the case is **DISMISSED**.

**SO ORDERED.**


S/ARTHUR J. TARNOW
Arthur J. Tarnow
United States District Judge

Dated:  March 25, 2009

I hereby certify that a copy of the foregoing document was served upon counsel of record on March 25, 2009, by electronic and/or ordinary mail.

S/FELICIA M. MOSES
Felicia M. Moses
Case Manager

5